**United States Bankruptcy Court**

**Eastern District of Pennsylvania**

| | |
|---|---|
| **IN RE:** | Case No. **4:15-bk-14842** |
| **Vitko, Michael John & Vitko, Christal R** | Chapter **13** |
| Debtor(s) | |

# CHAPTER 13 PLAN

[ ] Original  [X] Amended  Date: July 19, 2017

**YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan or any motion included below must file a timely written objection. This plan may be confirmed and the motions included below may be granted without further notice or hearing unless written objection is filed before the deadline stated on the separate Notice you should have received from the bankruptcy court. If you have a secured claim, this is notice that your lien may be voided or modified if you do not object to this plan.

**THIS PLAN DOES NOT ALLOW CLAIMS.** You must file a proof of claim to be paid under any plan that may be confirmed.

## 1. PAYMENT AND LENGTH OF PLAN

(a) Debtor shall pay $ **100.00** per **month** to the Chapter 13 Trustee starting August 7, 2015 for approximately 24 months.
(b) Debtor shall pay $150.00 per month to the Chapter 13 Trustee starting August 7, 2017 for approximately 12 months.
(c) Debtor shall pay $200.00 per month to the Chapter 13 Trustee starting August 7, 2018 for approximately 24 months.

   [X] Debtor will pay directly to the trustee
   [ ] A payroll deduction order will issue to the Debtor's employer:

(a) Joint Debtor shall pay $ **100.00** per **month** to the Chapter 13 Trustee starting August 7, 2015 for approximately 24 months.
(b) Joint Debtor shall pay $150.00 per month to the Chapter 13 Trustee starting August 7, 2017 for approximately 12 months.
(c) Joint Debtor Debtor pay $200.00 per month to the Chapter 13 Trustee starting August 7, 2018 for approximately 24 months.

   [X] Joint Debtor will pay directly to the trustee
   [ ] A payroll deduction order will issue to the Joint Debtor's employer:

(c) Other payments to trustee: _____

(d) Total amount to be paid to Trustee shall be not less than $ **18,000.00**.

## 2. PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT)
All allowed priority claims will be paid in full unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| **Michael J. McCrystal** | **Attorney fee** | **2,300.00** |
| Pa Dept. of Revenue | Taxes | 3,188.23 |
| IRS | Taxes | 1,817.48 |

## 3. SECURED CLAIMS: MOTIONS TO VALUE COLLATERAL AND VOID LIENS UNDER 11 U.S.C. § 506
(a) Debtor moves to value collateral as indicated in the "value" column immediately below. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The portion of any allowed claim that exceeds the value indicated shall be treated as an unsecured claim. Debtor moves to void the lien of any creditor with "NO VALUE" specified below.

| Creditor | Collateral | Scheduled Debt | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| **None** | | | | | |

(b) Debtor surrenders or abandons the following collateral. Upon confirmation, the stay is lifted as to surrendered or abandoned collateral.

| Creditor | Collateral to be Surrendered or Abandoned |
|---|---|
| **None** | |

## 4. UNSECURED CLAIMS
**(a) Not Separately Classified**. Allowed non-priority unsecured claims shall be paid:
  **[ X ]** Not less than $ _____ to be distributed pro rata.
  **[ ]** Not less than **5.82** percent.
  **[ ]** Other: _____.

**(b) Separately Classified Unsecured Claims**

| Creditor | Basis for Classification | Treatment | Amount |
|---|---|---|---|
| **None** | | | |

## 5. CURING DEFAULT AND MAINTAINING PAYMENTS
(a) Trustee shall pay allowed claims for arrearages, and Trustee shall pay regular postpetition contract payments to these creditors:

| Creditor | Collateral or Type of Debt | Estimated Arrearage | Interest Rate (arrearage) | Monthly Arrearage Payment | Regular Monthly Payment |
|---|---|---|---|---|---|
| **None** | | | | | |

(b) Trustee shall pay allowed claims for arrearages, and Debtor shall pay regular postpetition contract payments directly to these creditors:

| Creditor | Collateral or Type of Debt | Estimated Arrearage | Interest Rate (arrearage) | Monthly Arrearage Payment | Regular Monthly Payment |
|---|---|---|---|---|---|
| **Ally Financial** | **2011 Jeep Grand Cherokee 70 k miles** | .00 | 0.00% | 0.00 | 347.00 |
| **PNC Mortgage** | **440 Arlington Street, Easton, PA 18042, Value based on www.zillo** | $4,887.31 | 0.00% | n/a | 1,431.00 |
| Sheffield Financial | 2011 Polaris ATV | .00 | 0.00% | 0.00 | 141.53 |
| Sheffield Financial | Scag Lawn Mower | .00 | 0.00% | 0.00 | 187.14 |

## 6. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
Executory contracts and unexpired leases are assumed or rejected as follows:

| Creditor/Lessor | Property Description | Assume/Reject |
|---|---|---|
| **None** | | |

## 7. OTHER PLAN PROVISIONS AND MOTIONS
**(a) Motion to Avoid Liens under 11 U.S.C. § 522(f)**. Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Collateral | Amount of Lien to be Avoided |
|---|---|---|
| **None** | | |

**(b) Lien Retention**. Except as provided above in Section 5, allowed secured claim holders retain liens until:
  **[ ]** Liens are released at discharge.
  **[X]** Liens are released upon payment of allowed secured claim as provided above in Section 3.
  **[ ]** Liens are released upon completion of all payments under the plan.

**(c) Vesting of Property of the Estate**. Property of the estate shall revest in Debtor:
  **[X]** Upon confirmation
  **[ ]** Upon discharge
  **[ ]** Other: _____.

**(d) Payment Notices**. Creditors and lessors provided for above in Sections 5 or 6 may continue to mail customary notices or coupons to the Debtor or Trustee notwithstanding the automatic stay.

**(e) Order of Distribution**. Trustee shall pay allowed claims in the following order:
  **Trustee Commissions**
  **Other Administrative Claims**
  **Priority Claims**
  **Secured Claims**
  **General Unsecured Claims**

Dated: July 17, 2017

*/s/ Michael John Vitko*
Signature of Debtor

*/s/ Michael J. McCrystal, Esquire*
Signature of Attorney

*/s/ Christal R Vitko*
Signature of Spouse (if applicable)

Case 15-14842-ref    Doc 77    Filed 07/19/17    Entered 07/19/17 06:01:12    Desc Main
Document    Page 3 of 3